**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

Linda Raynor,

    Plaintiff,

v.

Bill Wentz, et al.,

    Defendants.

Case No. 09-CIV-223-RAW

**OPINION AND ORDER**

The complaint in this matter [Docket No. 1] was filed on June 4, 2009. It is entitled "Conspiracy Leading to the Premeditated Murder of Candice Raynor 10/01/2006." Plaintiff alleges that the various defendants conspired to keep her daughter "in the system" by labeling the Plaintiff as "mentally damaged and unfit to be a mother." On June 15, 2009, Plaintiff filed her Motion for Leave to Proceed *in Forma Pauperis* [Docket No. 4]. Plaintiff was directed to supplement her motion [Docket No. 5] and her Supplement was timely filed [Docket No. 6]. On July 6, 2009, Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* was granted [Docket No. 7].

Plaintiff's complaint[*] is a rambling list of accusations against the Defendants, all of which were allegedly involved in some manner in a dispute over the custody of Plaintiff's minor child while in Virginia. Indeed, some people listed in the caption of the pleading are not even mentioned in the body of the complaint. Of those Defendants mentioned, all were

---

[*] The court construes Plaintiff's allegation liberally as she is pro se. See Haines v. Kerner, 404 U.S. 519 (1972).

employees of the court system, employees of the child welfare agency, Plaintiff's own counselor, Candice's physician and even Plaintiff's own counsel, etc. Plaintiff lists a few Defendants by name, and then states "Have all been involved in the cover-up of Candice Raynor murder. Therefore they are part of the conspiracy."

Although Plaintiff's arguments involve a child custody matter which ended tragically, they are similar to what the Tenth Circuit had rejected as the "hackneyed tax protester refrain." United States v. Chisum, 502 F.3d 1237, 1243 (10th Cir. 2007). Plaintiff's arguments are "completely lacking in legal merit and patently frivolous." Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990).

## 28 U.S.C. § 1915

Section 1915 of the United States Code, Title 28, states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>     **(A)** the allegation of poverty is untrue; or
>     **(B)** the action or appeal--
>
>         **(I)** is frivolous or malicious;
>
>         **(ii)** fails to state a claim on which relief may be granted; or
>
>         **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A plaintiff is

not required to make out a perfect case in their complaint. Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." Lemmons v. Law Firm of Morris and Morris, 39 F.3d 264 (10th Cir. 1994).

### *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts." Banks v. Vio Software, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Trujillo v. Williams, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." Hall v. Bellmon, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" Id. (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." McKinney v. State of Oklahoma, 925 F.2d 363, 364 (10th Cir. 1991).

## Conclusion

The court does not take lightly its decision in this matter. Plaintiff has obviously had to face very difficult circumstances which are the subject of this lawsuit. The allegations listed in her complaint, however, do not create a claim upon which this lawsuit can proceed.

The court finds that Plaintiff's action is frivolous, that Plaintiff fails to state a claim on which relief can be granted, and that Plaintiff seeks monetary relief against Defendants who are immune from such relief. This matter is dismissed with prejudice.

Dated this 14th day of July, 2009.

**Dated this 14th Day of July 2009.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0